UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANICE MORVANT, ET AL | * | CIVIL NO. 6:16-0215 |
| VERSUS | * | JUDGE DOHERTY |
| USA | * | MAGISTRATE JUDGE WHITEHURST |

REPORT AND RECOMMENDATION

Currently pending before the Court, on referral from the district judge, is the Motion to Dismiss filed by defendant, the United States of America ("USA"), on August 12, 2016. [rec. doc. 4]. Plaintiffs, Janice and Marcus Morvant ("Morvant"), filed opposition on September 15, 2016. [rec. doc. 12]. The USA filed a reply on September 27, 2016. [rec. doc. 15].

For the following reasons, the undersigned recommends that defendant's motion be **GRANTED**.

*I. Background*

On February 16, 2016, Morvant filed a Complaint against the USA pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq*. [rec. doc. 1].

The Morvants allege that on November 21, 2009, they were involved in a motor vehicle accident with Annastaie L. Briscoe ("Briscoe"), an employee of the United States Postal Service ("USPS"). On November 18, 2010, plaintiffs filed a Petition for Damages in the 15th Judicial District Court, Parish of Vermilion, State of Louisiana, against the USPS driver, the USA and State Farm Mutual Automobile Insurance Company. [rec. doc. 4, Exhibit A]. In the Petition, Janice Morvant sought damages for personal injuries, while Marcus Morvant asserted claims for property damages and loss of consortium. The petition did not specify a value or amount of damages sustained.

On April 4, 2011, the USPS was served with a copy of the petition. [rec. doc. 4, Exhibit B, Proof of Service]. Included with the petition was a cover letter from Morvant's attorney, Rick A. Caballero ("Caballero"), dated March 28, 2011, notifying USPS of service. No amount of damages

was stated in either the petition or the cover letter.  [rec. doc. 4, Declaration of Nathan T. Solomon ("Solomon Declaration"), ¶ 5].  Neither the letter nor the petition included any medical bills, treatment records or car repair estimates as attachments.  *Id*.

On May 17, 2011, the state court action was dismissed without prejudice.  [rec. doc. 4, Exhibit D].

Over four years later, USPS received a letter from Caballero dated July 27, 2016, in which he asserted that plaintiffs' 2011 state court petition satisfied the FTCA's requirement that all claims be presented to the appropriate agency within two years.  [rec. doc. 4, Exhibit E].  Attached to the letter were copies of the 2011 Petition, proof of prior service, a document entitled "Amendment to Claim," and a summary of medical bills and treatment records.  *Id*.  In both the cover letter and the Amendment of Claim, plaintiffs asserted damages in the amount of $225,000.

In response, USPS sent a letter dated August 21, 2015, to Caballero, stating that the Morvants did not properly present their administrative claims, as they did not state the amount of damages sought within two years as required by the FTCA.  [rec. doc. 4, Exhibit 4].  On February 16, 2016, plaintiffs filed their Complaint with this Court.  [rec. doc. 1].  The USA filed the instant Motion to Dismiss on August 12, 2016.  [rec. doc. 4]

## II. Standard for Motion to Dismiss

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Id*. (*citing Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).  The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  *Id*.

Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Id*.

In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Id*.; *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Hooks v. Landmark Industries, Inc.*, 797 F.3d 309, 312 (5th Cir. 2015) (*citing Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss*., 143 F.3d 1006, 1010 (5th Cir. 1998)). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders*, 143 F.3d at 1010 (*quoting Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)).

### III. Law and Analysis

The USA seeks dismissal of the Morvants' claims on the grounds that they did not properly present their administrative claims, as they did not state the amount of damages sought within two years as required by the FTCA.

Plaintiffs' claims are asserted against the USA pursuant to the limited waiver of sovereign immunity provided by the FTCA, 28 U.S.C. §§ 1346(b), 2671, *et seq*. Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994); *City of Alexandria v. Fed. Emergency Management Agency*, 781 F.Supp.2d 340, 346 (W.D. La. 2011) (Hicks, J.). The doctrine of sovereign immunity is jurisdictional in nature. *Meyer*, 510 U.S. at 475, 114 S.Ct. at 1000. It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction. *City of Alexandria*, 781 F.Supp. at 346 (*citing U.S. v. Mitchell*, 463 U.S. 206, 212, 103

3

S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983)). The burden is on plaintiffs to show such consent, because they are the parties asserting federal jurisdiction. *Id*.

In the motion to dismiss, the USA asserts that plaintiffs failed to properly present their claims as required by Section 2675 of the FTCA, which provides, in pertinent part, as follows:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

(emphasis added). 28 U.S.C.A. § 2675(a).

This requirement "is a jurisdictional prerequisite," and "because presentment is a condition upon which the government consents to be sued under the FTCA's waiver of sovereign immunity, it must be strictly construed in favor of the United States." *Valentine v. Veterans Affairs*, 2016 WL 4257444, at *4 (N.D. Tex. July 13, 2016) (*citing Barber v. United States*, 642 F. App'x. 411, 413 (5th Cir. 2016) (*per curiam*)) (*respectively citing Cook v. United States*, 978 F.2d 164, 165-66 (5th Cir. 1992) *and quoting Atorie Air, Inc. v. Fed. Aviation Admin*., 942 F.2d 954, 958 (5th Cir. 1991); internal bracket and quotation marks omitted).[1] Its purpose is to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States. *Barber*, 642 F. App'x. at 413.

The USA specifically argues that the Morvants have failed to present their tort claims within two years as required by Section 2401(b) of the FTCA, which provides:

---

[1] The Supreme Court's decision in *United States v. Kwai Fun Wong*,___ U.S. ____, 135 S.Ct. 1625 (2015), notwithstanding, 28 U.S.C. § 2675(a)'s exhaustion requirement remains jurisdictional. *Troha v. United States Dep't of Agric*., 2016 WL 3211540, at *1 (W.D. La. May 17, 2016), *report and recommendation adopted*, 2016 WL 3211986 (W.D. La. June 9, 2016) (*citing Barber*, 642 F. App'x at 414 n. 2).

4

>(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency *within two years after such claim accrues* or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

(emphasis added). 28 U.S.C. § 2401(b).

The Code of Federal Regulations explains the notice requirement as follows:

>(a) For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, *an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

(emphasis added). 28 C.F.R. § 14.2(a).

The Fifth Circuit and other circuits have held that timely presentation of a claim including "a sum certain" is a jurisdictional requirement, absent compliance with which the courts have no jurisdiction to entertain the suit under the FTCA. *Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984); *Wardsworth v. United States*, 721 F.2d 503, 505 (5th Cir. 1983) ("Federal courts have repeatedly held that the sum certain requirement is a jurisdictional one and that it applies to 28 U.S.C. §§ 2401 and 2675."); *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975); *Caton v. United States*, 495 F.2d 635 (9th Cir. 1974); *Avril v. United States*, 461 F.2d 1090 (9th Cir. 1972). No particular form of notice is required as long as it "(1) gives the agency written notice of [the] claim sufficient to enable the agency to investigate and (2) places a value on [the] claim." *Wardsworth*, 721 F.3d at 505 (*citing Adams v. United States*, 615 F.2d 284, 289 (5th Cir.), *clarified*, 622 F.2d 197 (1980)).

Plaintiffs argue that they presented their claims when they provided notice of their lawsuit to USPS in 2011. [rec. doc. 4, Exhibit B, Proof of Service]. However, they did not state the amount of damages sought, either in the petition or the cover letter from their attorney. [rec. doc. 4, Solomon

5

Declaration, ¶ 5]. Additionally, neither the letter nor the petition included any medical bills, treatment records or car repair estimates as attachments. *Id*.

The Fifth Circuit holds that a claimant gives proper notice within the meaning of § 2675(a) "*only* when the agency obtains sufficient written information to begin investigating *and the claimant places a value on his claim*." (emphasis added). *Cook*, 978 F.2d at 166; *Williams v. United States*, 693 F.2d 555, 557 (5th Cir. 1982). The Court is "not at liberty to dispense with the sum certain requirement." *Wardsworth*, 721 F.2d at 505. Timely presentation of a claim, "*including 'a sum certain*[,]*' is a jurisdictional* requirement, absent compliance with which the courts have no jurisdiction to entertain the suit under the Federal Tort Claims Act." (emphasis added). *Martinez*, 728 F.2d at 697.

The Morvants argue that the "sum certain" requirement applies to submission of claims against federal agencies, but not to claims against the USPS. They assert that under USPS regulation 39 C.F.R. § 912.5, a valid personal injury claim is "presented" when the USPS receives notice of a "Claim for Damages or Injury," even without a request for a "sum certain." [rec. doc. 12, p. 4].

Section 912.5 provides, in pertinent part:

> A claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, *accompanied by a claim for money damages in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.

(emphasis added). 39 C.F.R. § 912.5(a).

As indicated above, both the general federal agency regulation and the USPS regulation require that a claim is deemed presented when the agency receives a timely written notification of an incident *and* a claim for damages in a "sum certain." (emphasis added). Plaintiffs can point to no writing from themselves or their legal representative which sets forth a sum certain, or provides documentation from which a sum certain can be gleaned, within the required two-year period. *All State Financial Co. v. Parish of Jefferson*, 2003 WL 1873090, at *2 (E.D. La. Apr. 9, 2003). Thus, they cannot satisfy the

requirement of a sum certain.  *Arbogast v. Timex Corp.*, 2007 WL 2571641, at *3 (W.D. La. Aug. 13, 2007), *report and recommendation adopted* (Sept. 4, 2007).

The USA asserts, and the undersigned agrees, that *Wardsworth* is almost identical to this action. [rec. doc. 15, p. 2].  There, plaintiff, Mrs. Wardsworth, filed an administrative claim against USPS, but failed to notify USPS of the amount of her claim within the statutory period.  Wardsworth attempted to supplement the sum certain of her damages after the statutory period had run.  In upholding the district court's dismissal of her claims for failing to provide a monetary amount within the FTCA's two-year time limit, the Fifth Circuit determined that it was "not at liberty to dispense with the sum certain requirement."  *Id*. at 506.

Here, neither plaintiffs' 2011 petition nor their attorney's cover letter provided any value on their claims.  Although plaintiffs attempted to cure this through the July 27, 2016, letter attaching the "Amendment to Claim," this occurred over four years after the filing of the petition.  Because plaintiffs failed to provide complete notice of a sum certain within two years, their FTCA claims were untimely.

### *IV. Conclusion*

Based on the foregoing reasons, the undersigned recommends that the Motion to Dismiss [rec. doc. 4] be **GRANTED**, and that the claims filed by plaintiffs against the USA be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS**

**REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed this 18th day of October, 2016, at Lafayette, Louisiana.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**